UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-24183-CIV-O'SULLIVAN

[CONSENT]

OLMAN SOTELO MONTERREY,
JOSE TRUJILLO, and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiffs,
v.

MIGUEL LOPEZ JR., INC.,
MIGUEL LOPEZ JR.,

    Defendants.
_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on the Defendants Miguel Lopez Jr., Inc.'s and Miguel Lopez's Motion for Summary Judgment and Supporting Memorandum of Law Against Jose Trujillo (DE # 34, 10/31/14), and the Defendants Miguel Lopez Jr., Inc.'s and Miguel Lopez's Motion for Summary Judgment and Supporting Memorandum of Law Against Monterrey (DE # 35, 10/31/14).  Having reviewed the applicable filings and law, the undersigned enters the following Order denying both the Defendants Miguel Lopez Jr., Inc.'s and Miguel Lopez's Motion for Summary Judgment and Supporting Memorandum of Law Against Jose Trujillo (DE # 34, 10/31/14) and the Defendants Miguel Lopez Jr., Inc.'s and Miguel Lopez's Motion for Summary Judgment and Supporting Memorandum of Law Against Monterrey (DE # 35, 10/31/14).

## BACKGROUND

On November 23, 2012, the plaintiffs filed a complaint in this matter under 29

U.S.C. §§ 201-216 against the defendants for overtime wage violations. (DE # 1, 11/23/12). The case was brought under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 (FLSA). Count I was for a federal overtime wage violation. See Complaint (DE# 1, 11/23/12).

On October 31, 2013, the defendants filed both the Defendants Miguel Lopez Jr., Inc.'s and Miguel Lopez's Motion for Summary Judgment and Supporting Memorandum of Law Against Jose Trujillo (DE # 34, 10/31/14) and the Defendants Miguel Lopez Jr., Inc.'s and Miguel Lopez's Motion for Summary Judgment and Supporting Memorandum of Law Against Monterrey (DE # 35, 10/31/14). On November 11, 2013, the plaintiff Monterrey filed the Plaintiff Monterrey's Response in Opposition to Defendants' Motion for Summary Judgment (DE # 36, 11/11/13) and the plaintiff Trujillo filed the Plaintiff Trujillo's Response in Opposition to Defendants' Motion for Summary Judgment (DE # 37, 11/11/13). On November 21, 2013, the defendants filed the Defendants Miguel Lopez Jr., Inc.'s and Miguel Lopez's Reply to Trujillo's Response in Opposition to Motion for Summary Judgment (DE # 38, 11/21/13) and the Defendants Miguel Lopez Jr., Inc.'s and Miguel Lopez's Reply to Monterrey's Response in Opposition to Motion for Summary Judgment (DE # 39, 11/21/13). This matter is now ripe for consideration.

## STANDARD OF REVIEW

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant

part, as follows:

> The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323).

In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court

noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-23.  Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## ANALYSIS

**1. Defendants' Motion for Summary Judgment as to Monterrey**

The defendants claim they are entitled to summary judgment against Monterrey because Monterrey was paid all the overtime wages he was due, Monterrey was paid for the time spent traveling from the office to the job sites and back to the office in the afternoon, and that Monterrey cannot prove a *prima facie* case for unpaid overtime hours under the Fair Labor Standards Act.  The defendants indicate that because Monterrey did not have documents indicating the hours that he worked and how the hours differed from the hours for which he was paid he is unable to demonstrate a *prima facie* case.

The defendants claim that Monterrey cannot establish that he is entitled to

additional overtime compensation for the travel time spent driving to and from the office to the job sites and that Monterrey failed to identify any specific hours or days in which he worked overtime for which he is entitled to compensation.  The defendants further claim that Monterrey is mistaken in his belief that he was not paid for his travel time from the office to and from the job sites.

The plaintiff Monterrey claims that he can prove a *prima facie* case and there exists a genuine issue of material fact as to his claim.  Monterrey asserts that the defendants did not maintain accurate and complete time records while he was employed by the defendants.  Monterrey argues that because of this, the Court should reject the defendants' assertion that Monterrey cannot prove a *prima facie* case because he did not have documents indicating the hours that he worked and how the hours differed from the hours for which he was paid.  Monterrey states, that to the contrary, under 29 CFR 516.2, the employer is responsible for maintaining proper time records.  In his response to the Motion for Summary Judgment, Monterrey disputes certain facts set forth by the defendants, and claims that a genuine issue of material fact does indeed exist as to Monterrey's claim.  The undersigned agrees that the dispute between the defendants and Monterrey over accurate time keeping constitutes a discrepancy in the facts and results in a genuine issue of material fact as to Monterrey's claim.  The undersigned finds that questions of material fact exist that require Monterrey's claim to go to trial in this matter.

**2. Defendants' Motion for Summary Judgment as to Trujillo**

The defendants claim that they are entitled to summary judgment against Trujillo

because Trujillo was paid all the overtime wages he was due, Trujillo was not entitled to payment for the time spent traveling from the office to the job sites and back to the office in the afternoon, and that Trujillo cannot prove a *prima facie* case for unpaid overtime hours under the Fair Labor Standards Act.

The defendants also claim that Trujillo's travel time from the office to the job sites and back was not compensable. In support of this notion, the defendants argue that Trujillo is not entitled to the time under the Portal-to-Portal Act which exempts an employer from paying compensation for certain activities under the FLSA. See 29 U.S.C. §254(a). The defendants indicate that under 29 U.S.C. § 254(a), the following activities are not compensable:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities. For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. §254(a).

The defendants further state that Miguel Lopez does not pay for the travel time of employees from the office to the job site. The defendants also argue that Trujillo's

alleged loading and unloading of tools at the office was either not integral or indispensable to his principal activities or qualifies as *de minimis* activity.

Trujillo argues that genuine issues of material fact exists with respect to his claim and that summary judgment is improper in his case. Trujillo asserts that the defendants did not maintain accurate and complete time records while he was employed by the defendants. Trujillo claims that because of this, the Court should reject the defendants' argument that Trujillo cannot prove a prima facie case because under 29 CFR 516.2, the employer is responsible for maintaining proper time records. In his response to the Motion for Summary Judgment, Trujillo disputes certain facts set forth by the defendants, and argues that a genuine issue of material fact does indeed exist as to Trujillo's claim. The undersigned agrees that the dispute over accurate time keeping constitutes a discrepancy in the facts and results in a genuine issue of material fact as to Trujillo's claim.

Trujillo also argues that his travel time to and from the office to the job sites is compensable, that issues of material fact exists with respect to the compensation of that travel time, and that this issue should be tried. The undersigned agrees that genuine issues of material fact exist as whether Trujillo's travel time was integral and whether his time loading the truck was *de minimis*, thereby requiring Trujillo's claim regarding travel time to go to trial in this matter.

Exemptions to the FLSA are narrowly construed against the employer. <u>Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.</u>, 515 F.3d 1150, 1156 (11th Cir. 2008). "Preliminary and postliminary activities . . . are compensable if they are an integral and indispensable part of the [employee's] principal activities." <u>Burton v. Hillsborough Cnty,</u>

7

Fla, 181 F. App'x 829, 833 (11th Cir. 2006) (per curiam) (alteration in original; internal quotation marks omitted). Moreover, "an employer is not required to pay employees for otherwise compensable activities if the time spent performing those activities is de minimis." Id. (citations omitted).

Travel time expended for the employee's convenience is not compensable under the FLSA.

> [T]he excepting language of [§ 254] **was intended to exclude from FLSA coverage only those activities predominantly spent in the employees' own interests.** In other words, where the activities at issue are undertaken for the employees' own convenience, not being required by the employer, and not being necessary for the performance of the [employees'] duties to the employer, they are fairly construed as non-compensable. However, when an employer derives significant benefit from the activity at issue, that activity is principal to the performance of the work for which the plaintiffs are employed, and is therefore compensable. Put simply, where the activity is an integral and indispensable part of the principal activities for which [the employees] are employed, the Portal-to-Portal exemption does not apply.

Burton, 181 F. App'x at 837 (citing Dunlop v. City Electric, Inc., 527 F.2d 394 (5th Cir. 1976) (some alterations in original; internal citations to Dunlop and internal quotation marks omitted)). In light of the aforementioned law, the undersigned finds that there exists a genuine issue of material fact with respect to Trujillo's request to recover compensation for his travel time requiring that issue to go to trial.

## **RULING**

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendants Miguel Lopez Jr., Inc.'s and

Miguel Lopez's Motion for Summary Judgment and Supporting Memorandum of Law Against Jose Trujillo (DE # 34, 10/31/14) and the Defendants Miguel Lopez Jr., Inc.'s and Miguel Lopez's Motion for Summary Judgment and Supporting Memorandum of Law Against Monterrey (DE # 35, 10/31/14) are both DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 20th day of February, 2014.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record